**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARLON A. GRANADOS SAAVEDRA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, EL PASO PROCESSING CENTER et al.,**<br><br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO. EP-26-CV-1808-KC** |

**ORDER**

On this day, the Court considered Marlon A. Granados Saavedra's Petition for a Writ of Habeas Corpus, ECF No. 1. Granados Saavedra, a citizen of Venezuela, entered the United States about five years ago, at which time he was released into the country. *Id.* at 1–3. On February 20, 2026, he was detained by immigration authorities after appearing in immigration court. *Id.* at 2. Granados Saavedra has received a bond hearing since his re-detention, but an immigration judge denied him bond based on flight risk. *Id.*

This Court "lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk [or danger] and therefore should be denied bond." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted). In other words, whether the Court agrees or not with the IJ's determinations regarding Granados Saavedra's risk of flight, it lacks the power to alter those determinations. As Granados Saavedra has received an individualized custody determination before an IJ, there is no issue for the Court to decide.

Granados Saavedra is also not subject to a final order of removal, which would trigger a new claim and different reasonableness standard for prolonged detention. *See generally* Pet.;

*Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that Granados Saavedra's Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 7th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE